Case 4:25-cr-00406   Document 1   Filed on 07/30/25 in TXSD   Page 1 of 7

United States Courts
Southern District of Texas
**FILED**
*July 30, 2025*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**TERRY ARDOIN a/k/a "Jericho",**<br><br>**TRAVONTE ARDOIN,**<br><br>**Defendants.** | CRIMINAL NO. **4:25-cr-406** |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### BACKGROUND

### The Enterprise

1. At all times relevant to this Indictment, in the Southern District of Texas, and elsewhere, **TERRY ARDOIN a/k/a "Jericho"** and **TRAVONTE ARDOIN** and others, were members and/or associates of the Free Money criminal street gang.

2. Free Money is a violent street gang with members from the Southeast portion of Houston, Texas. Free Money and its members and associates, predominately operated in the Southern District of Texas, specifically in the Southlawn area of Southeast Houston, but also engaged in criminal activities in and around other areas of Houston and Texas.

3. Free Money, including its leaders, members, and associates constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, that engaged in, and the activities of which affected, interstate and foreign commerce. The Free Money enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

4. Free Money members and associates often communicated through various forms of electronic communication, including social media, phone calls, and text messages. At times, members and associates used symbols and code words to communicate to avoid revealing their criminal activity.

5. Certain Free Money members held more power than others due to their status, money making ability, violent nature, or longevity in the gang. Free Money members followed the direction and leadership of these members due to their status and longevity in the Free Money gang.

6. Free Money gang members and associates resided in and frequented the geographic neighborhoods of Southeast Houston, commonly carried firearms on their persons, and had established gang "hang outs" and other "territory," such as strip centers, parks, and apartment complexes, that were free of rival gang members.

7. Free Money members and associates used social media platforms such as Instagram and identified themselves with descriptions such as the words "free money", emoji's featuring stacks of U.S. Currency with wings, or the words "Push-Up." Additionally, Free Money members and associates created social media account names that sometimes incorporated the word "Freemoney" in the name.

8. Free Money members and associates posted comments or remarks meant to be inflammatory or disrespectful to rival gang members. Threats and drive-by shootings and other violence was often driven by these back-and-forth comments with members of rival gangs.

9. Free Money members and associated robbed and attempted to rob drug dealers. Additionally, Free Money members and associates shared weapons, protected other members and associates from rivals, and provided funds for bond, attorney fees and commissary accounts for arrested fellow gang member and associates.

10. Free Money members "fronted" or supplied on credit drugs to other members and associates and sometime shared in drug sale profits.

## Purpose of the Enterprise

11. The purposes and objectives of the Free Money enterprise include, but are not limited to:

   a. Enriching members and associates of the enterprise through, among other things, the distribution of controlled substances and robbery.

   b. Preserving and protecting the power, territory, and profits of the enterprise through intimidation, robbery, home invasions, assaults, threats of violence, extortion and acts involving murder.

   c. Promoting and enhancing the enterprise and its members' and associates' activities.

   d. Keeping victims and witnesses in fear of the enterprise and in fear of its members and associates through threats of violence.

   e. Providing support to enterprise members and associates who were charged with, or incarcerated for, gang-related activities.

   f. Retaliating against acts of violence perpetrated against the enterprise, and its members and associates.

   g. Committing acts of violence against members and associates of rival gangs.

   h. Earning respect or "street" credibility by committing acts of violence,

3

including shootings, murders, and attempted murders.

## Means And Methods

12. Among the means and methods by which the members and the associates of the Free Money enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

   a. Members and associates of the enterprise obtained and shared firearms within the enterprise to protect the gang and its members and to threaten and commit violence against rivals.

   b. Members and associates of the enterprise conspired to distribute, attempted to distribute, and did distribute controlled substances, including but not limited to cocaine, crack cocaine, methamphetamine, prescription pills, and marijuana.

   c. Members and associates of the enterprise agreed, planned, and conspired to commit acts of violence and shootings, including acts involving murder, against rival gang members and associates.

   d. Members and associates of the enterprise frequently used terms such as "Freemoney," "free" "push-up" or emojis such as a person doing a pushup or a stack of currency with wings, to show their alliance.

## COUNT ONE
### (Murder in Aid of Racketeering)

13. Paragraphs 1 through 12 of this Indictment are re-alleged and incorporated by reference as though set forth fully herein.

14. The Free Money enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is, acts involving murder in violation of Texas state law, and offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

15. On or about June 24, 2022, in the Southern District of Texas, defendants,

**TERRY ARDOIN a/k/a "Jericho," and
TRAVONTE ARDION,**

and others known and unknown to the Grand Jury, while aiding and abetting each other, for the purpose of gaining entrance to and maintaining and increasing position in Free Money, an enterprise engaged in racketeering activity, did intentionally and knowingly murder Shaquille Lewis, in violation of Texas Penal Code §§ 19.01, 19.02(b)(1) and (2), 7.01, and 7.02(a)(2).

**All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2**.

**COUNT TWO
Attempted Murder in Aid of Racketeering – Person 1**

16. Paragraphs 1 through 12 of this Indictment are re-alleged and incorporated by reference as though set forth fully herein.

17. The enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is, acts involving murder, in violation of Texas state law; offenses involving drug trafficking, in violation of Title 21, United States Code, Section 846.

18. On or about June 24, 2022, in the Houston Division of the Southern District of Texas, defendants

**TERRY ARDOIN a/k/a "Jericho," and
TRAVONTE ARDION,**

and others known and unknown to the Grand Jury, while aiding and abetting each other, for the purpose of gaining entrance to and maintaining and increasing position in Free Money, an enterprise engaged in racketeering activity, did intentionally and knowingly attempt to murder Person #1, in violation of Texas Penal Code §§ 19.01, 19.02(b)(1) and (2), 7.01, 7.02(a)(2), and 15.01.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**

## COUNT THREE
### Use of a Firearm in Furtherance of a Crime of Violence

20.   On or about June 24, 2022, in the Houston Division of the Southern District of Texas, the defendants,

**TERRY ARDOIN a/k/a "Jericho",
TRAVONTE ARDOIN,**

and others known and unknown to the Grand Jury, while aiding and abetting each other, did use and carry at least one firearm during and in relation to a crime of violence for which each may be prosecuted in a court of the United States, namely, murder in aid of racketeering, as charged in Count One of this Indictment, and attempted murder in aid of racketeering, as charge in Count Two of this Indictment, and in doing so did discharge said firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

## COUNT FOUR
### Causing Death Through Use of a Firearm

21.   On or about June 24, 2022, in the Houston Division of the Southern District of Texas, the defendants,

6

**TERRY ARDOIN a/k/a "Jericho",
TRAVONTE ARDOIN,**

and others known and unknown to the Grand Jury, while aiding and abetting each other, in the course of a violation of Title 18, United States Code, Section 924(c)(1)(A), as charged in Count Three of this Indictment, did cause the death of Shaquille Lewis through the use of a firearm, which killing constituted murder, as defined in Title 18, United States Code, Section 1111.

**All in violation of Title 18, United States Code, Sections 924(j)(1) and Section 2**.

A TRUE BILL:

Original Signature on File
_____
FOREPERSON OF THE GRAND JURY

NICHOLAS J. GAMJEI
UNITED STATES ATTORNEY

BY: *Benjamin Brown*
    Benjamin Brown
    Assistant United States Attorney

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section,
Criminal Division
United States Department of Justice

BY: *Ralph A. Paradiso*
    Ralph Paradiso
    Trial Attorney